# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

| | |
|---|---|
| William A. Rankin and Shirley A. Rankin, | Consolidated Case No. 06-13726 |
| Debtors. | Bankr. Case No. 02-30596 Chapter 7 Walter Shapero United States Bankruptcy Judge |

_____/

| | |
|---|---|
| William A. Rankin and Shirley A. Rankin, | Judith E. Levy United States District Judge |
| Appellants, | Mag. Judge Michael J. Hluchaniuk |

v.

Brian Lavan and Associates, P.C.;
Commonwealth Land Title
Insurance Company, a foreign
corporation; Joel R. Dault;
Progressive Title Insurance Agency
Company, a Michigan Corporation;
Timothy Macdonald; Paul Wood;
Karla Volke-Wood,

                  Appellees,

Collene K. Corcoran,

                  Trustee—
                  Appellee.

_____/

**OPINION AND ORDER DENYING DEBTOR/APPELLANT'S
MOTION FOR RECONSIDERATION [61] AND DENYING
DEBTOR/APPELLANT'S MOTION FOR SUMMARY JUDGMENT
[65]**

Before the Court are Debtor/Appellant William A. Rankin's motion
for reconsideration (ECF No. 61) of the Court's June 26, 2020 order
adopting Magistrate Judge Michael J. Hluchaniuk's Report and
Recommendation ("R&R") and Debtor/Appellant William A. Rankin's[1]
motion for summary judgment. (ECF No. 65.) For the reasons stated
below, the motions are DENIED.

## I.   Background

This case has an extensive procedural history since it was filed in
2006.[2] The events relevant to the issues now before the Court are that on

---

[1] Throughout the motion for summary judgment, Debtor/Appellant William A.
Rankin occasionally refers to himself and Debtor/Appellant Shirley A. Rankin as the
moving parties. However, only William A. Rankin signed the motion (*see* ECF No. 65,
PageID.660), and he is a *pro se* litigant. A non-lawyer may not represent the interests
of another litigant in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United
States the parties may plead and conduct their own cases personally or by
counsel[.]"); *see also Smith v. Heyns*, No. 2:14–11601, 2014 WL 2743415, at *2 (E.D.
Mich. June 17, 2014) (stating that a *pro se* plaintiff may not represent anyone other
than himself before this Court) (citing *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130,
132 (2d Cir. 2009)). Accordingly, the Court will consider this motion as brought by
only William A. Rankin.

[2] A thorough summary of this case's procedural history appears in Judge
Hluchaniuk's R&R. (*See* ECF No. 57, PageID.501–506.)

December 16, 2019, Debtor/Appellant filed a motion to reopen the bankruptcy case under Federal Rule of Civil Procedure 60(d)(3) in which he also sought recusal of the Bankruptcy Judge. (ECF No. 52.) On June 26, 2020, the Court adopted Judge Hluchaniuk's R&R (ECF No. 57), denied Debtor/Appellant's motion to reopen the case (ECF No. 52), and denied Debtor/Appellant's request for an extension of time to file objections to the R&R (ECF No. 59). (ECF No. 60.) The Court noted that "[n]o objections [to the R&R] were filed" within the fourteen-day period established by Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d). (*Id.* at PageID.554.) The Court stated that "[b]y failing to object to the R&R, the parties have waived any further right of appeal." (*Id.* at 555 n.1 (citing *United States v. Archibald*, 589 F.3d 289, 295–96 (6th Cir. 2009)).

Following the Court's order adopting the R&R, Debtor/Appellant submitted numerous filings, including: (1) a July 2, 2020 motion to reconsider[3] the order adopting the R&R (ECF No. 61); (2) a July 2, 2020

---

[3] The docket entry title for this motion is "statement of claim." (ECF No. 61.) However, Debtor/Appellant titles this filing as "motion to respond to reconsider order adopting report and recommendation" (*id.* at PageID.556), so the Court treats it as a motion for reconsideration.

"response" to the R&R, which appears to constitute Debtor/Appellant's objections to that R&R (ECF No. 62); (3) a July 2, 2020 "statement of claim" requesting that the Court grant judgment to Debtor/Appellant and outlining Debtor/Appellant's calculation of alleged damages (ECF No. 63); (4) an "offer of judgment" pursuant to Federal Rule of Civil Procedure 68 (ECF No. 64); (5) an August 17, 2020 motion for summary judgment under Federal Rule of Civil Procedure 56 (ECF No. 65)[4]; and (6) a September 1, 2020 "memorandum" and proposed order granting Debtor/Appellant's motion for summary judgment. (ECF No. 73.) Appellee Timothy MacDonald and Trustee-Appellee Collene Corcoran filed responses to Debtor/Appellant's motion for summary judgment on September 8, 2020 (ECF No. 69) and September 9, 2020 (ECF No. 72), respectively. On September 14, 2020, Debtor/Appellant filed a reply. (ECF No. 74.)

In these recent filings, Debtor/Appellant informs the Court of the hardship he has experienced with losing their former home.

---

[4] Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the Court entered a notice of determination of Debtor/Appellant's motion for summary judgment without oral argument and indicated that response and reply briefs were to be filed in accordance with Local Rule 7.1(e). (*See* ECF No. 66.)

Debtors/Appellants have proven themselves very capable of advocating on their own behalf throughout the years this case has been pending. However, the Court denies Debtor/Appellant's motion to reconsider (ECF No. 61) the Court's June 26, 2020 order adopting the R&R, and it denies Debtor/Appellant's motion for summary judgment. (ECF No. 65.)

## II.   Legal Standard

A motion for reconsideration will only be granted where the movant "demonstrate[s] a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled" and where "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997) (quotation marks omitted). The "palpable defect" standard is consistent with the standard for amending or altering a judgment under Federal Rule of Civil Procedure 59(e), which requires a showing that there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006).

Motions for reconsideration should not be granted if they "present the same issues ruled upon by the court, either expressly or by reasonable implication," E.D. Mich. LR 7.1(h)(3), or if the "parties . . . use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007). Furthermore, a motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. LR 7.1(h)(1).

Because Debtor/Appellant is a *pro se* litigant, his filings are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed[.]" (internal quotations omitted)); *see also Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (liberally construing *pro se* complaint). Despite being "held to less stringent standards," pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).

## III.   Analysis

### A.   Debtor/Appellant's motion to reconsider the Court's June 26, 2020 order adopting the R&R

In Debtor/Appellant's motion to reconsider the order adopting the R&R, he asks that the Court "grant [his] request for a [sic] extension to respond to the Magistrates [sic] Recommendations." (ECF No. 61, PageID.557–558.) Debtor/Appellant offers additional context regarding why the COVID-19 pandemic created obstacles hindering his ability to timely file objections to the R&R. (*See Id.* at PageID.557.) Debtor/Appellant indicates that he relies on the library and access to the internet outside of his home in order to complete legal research and that closures due to the pandemic required him to rely solely on his cell phone for legal research to support his objections to the R&R—making the research process "very tedious and exhausting[.]" (*Id.*) Debtor/Appellant argues that he reasonably believed that the Court was giving him additional time to respond to the R&R because the Court did not deny his request for an extension until several months later. (*Id.*) Debtor/Appellant further argues that, regardless of his status as a *pro se* litigant, he is entitled to an opportunity to submit evidence in support of his claims and that the Court would commit error were it to dismiss his motion for reconsideration when it is allegedly supported by factual evidence of misconduct by Appellees and Trustee-Appellee. (*Id.*) On the

7

same day that he filed the motion for reconsideration, Debtor/Appellant filed a response to the R&R with his objections to the R&R for the Court's consideration. (ECF No. 62.)

To the extent Debtor/Appellant argues that his *pro se* status alone releases him from the responsibility of adhering to court-ordered deadlines, Debtor/Appellant is incorrect. *See Bunting v. Hansen*, No. 05-10116, 2007 WL 1582236 (E.D. Mich. May 31, 2007) ("[P]ro se litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991))). However, the Court is immensely sympathetic to Debtor/Appellant's arguments that complications posed by the COVID-19 pandemic affected his ability to access library and internet resources. The Court recognizes the upheaval emanating from the pandemic and acknowledges the extra difficulties posed to individuals participating in the litigation process with limited access to legal resources in print or electronic format. Nevertheless, the Court denies Debtor/Appellant's motion to reconsider because he has not made the necessary showing of "a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been

8

misled" and that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3).

Specifically, granting Debtor/Appellant's motion for reconsideration of the portion of the R&R denying his request for an extension of time to file objections would, in light of the objections filed, be a futile exercise: the Court remains convinced after review of Debtor/Appellant's proposed objections that Judge Hluchaniuk's recommendation to deny Debtor/Appellant's motion to reopen is correct. Even were the Court to assume that the denial of Debtor/Appellant's request for an extension of time was a palpable defect, correction of the defect (i.e., granting the request for an extension of time to submit the objections and subsequent consideration of the objections) would not result in a different disposition of the case as required to obtain relief under E.D. Mich. L.R. 7.1(h)(3).

### i. Debtor/Appellant's enumerated objections are improper

While a pro se litigant's objections should be liberally construed by the Court, *see Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), Debtor/Appellant's objections—as enumerated—wholly fail to state a

proper basis for objecting to the R&R.[5] The Local Rules of this Court

require that the objecting party "specify the part of the order, proposed

---

[5] Debtor/Appellant's response and attendant objections are fifty pages long, single-spaced. (ECF No. 62.) The objections vary in format but are generally posed as a series of questions, which are followed by Debtor/Appellant's lengthy explanations to answer such questions. This filing is difficult to comprehend and has been construed liberally.

The sections of Debtor/Appellant's response that appear to be expressly indicated as objections are quoted below:

1. "Objection No. 1. Our address is 7436 Evergreen, Detroit Mi 48228; not 16623 Sussex, Detroit, 48235." (ECF No. 62, PageID.586.)

2. "Response to Objection[:] Shirley A. Rankin, is in and out of town assisting her ailing Mother. Therefore, I (Wm A. Rankin) will be the only signer." (*Id.*)

3. "Response to Objection No 2.[:] Reason, new discovery has cause the action.; that needs to be address. We wish to identify the two main principles as underlying the plausibility pleading standard. 1. factual allegations and not legal conclusions. 2. mere conclusory statements, do not suffice. . . (Factual Defenses). The Seller's, Title Agent Joel R. Dault and Commonwealth Land Title Inc. Co. Question: Can these defendants violate the plaintiff's constitutional rights and be immune by their illegal actions? And can a court find a way to subvert evidence and ignore the plaintiffs' constitutional rights and hard facts and knowing by evidence a scheme may be involved?" (*Id.*)

4. "Objection No 2(b)[:] We believe the Fair Housing Act, cause of action is proper here, because that was the intentional plan of a scheme. We believe a ruling on the defendants would be in order; As violation of 42 U.S.C. 1982 &1983, This shows motive, opportunity and evidence." (*Id.* at PageID.592–593.)

5. "Objection No 3[:] (ECF No. 29, PageID.246). Ms. Corcoran; Mr. Detweiler and Mr. Lerner (There simply no evidence of "egregious conduct involving a corruption of the judicial process itself). The question here is: If a scheme is involved or planned; could or did these defendants dovetail their process to be a part of the scheme to violate the plaintiff's constitutional rights and be immune by the illegal process? And could or did their evidence and errs

findings, recommendations, or report to which a person objects [ ] and state the basis for the objection." E.D. Mich. L.R. 72.1(d)(1). Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995*)* (citing *Howard v. Sec'y of Health & Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, Debtor/Appellant's objections must be clear and specific enough so that the Court can squarely address them on the merits. *See Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018).

---

show that the defendants may have found a way to subvert evidence and ignore the plaintiffs' constitutional rights; knowing they could be part of the scheme?" (*Id*. at PageID.597–598.)

6. "Response to Objection No.4[:] What causes the 'Disqualification of Judges?' Was the judge ruling of the compromise claim in line of the process justifiable towards the plaintiff's constitutional rights; and did his process of not giving a ruling from the evidentiary hearing violate the plaintiff's rights? And did the court find a way to subvert evidence and ignore the plaintiffs' constitutional rights of factual facts; knowing a scheme may be involved?" (*Id*. at PageID.612.)

7. "Objection No 5[:] This Defendant Atty Timothy P. Macdonald was one of the component of the planned scheme; the process and violation shows he went out of his way to complete the scheme. Can this defendant violate the plaintiff's constitutional rights and be immune by his illegal actions?" (*Id*. at PageID.618.)

11

The R&R expressly indicated that "[a]ny objections must be labeled as 'Objection No. 1,' 'Objection No. 2,' etc.[,]" "[a]ny objection must recite precisely the provision of this [R&R] to which it pertains[,]" and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 57, PageID.522–523.) Debtor/Appellant's enumerated objections to the R&R are unclear, generally do not state the purpose of the objection, and fail to reference the portion of the R&R to which they pertain. Accordingly, the objections as presented by Debtor/Appellant are improper in their entirety.

### ii. Debtor/Appellant's objections, liberally construed, do not change the Court's determination that Debtor/Appellant is not entitled to relief under Rule 60(d)(3)

Nonetheless, the Court has reviewed the issues generally raised in Debtor/Appellant's enumerated objections and lengthy attendant explanations, and has liberally construed his arguments. *See Boswell*, 169 F.3d at 387. However, even were the Court to accept and consider the arguments presented in Debtor/Appellant's objections and accompanying explanations, the Court agrees with Judge Hluchaniuk's determination that Debtor/Appellant is not entitled to relief under Rule 60(d)(3).

First, Debtor/Appellant merely reargues, as he did in his motion to reopen, that Appellee MacDonald's failure to mail Debtor/Appellant a copy of the motion to lift the stay or the Bankruptcy Court's March 11, 2006 order granting that motion, evidenced a planned scheme in conjunction with Trustee-Appellee Corcoran, Appellee Paul Wood and Appellee Karla Volke-Wood's former attorney Robert Detweiler, and others, to violate Debtors/Appellants' rights, and that this collective scheme constituted fraud on the court sufficient for relief under Rule 60(d)(3). (*See* ECF No. 62, PageID.618–619.)

However, Judge Hluchaniuk correctly determined that Debtor/Appellant failed to demonstrate by clear and convincing evidence that Appellee MacDonald's purported conduct constituted fraud on the court or that such action deceived the bankruptcy court in a manner affecting the case's outcome. (ECF No. 57, PageID.510–512.) Even assuming Appellee MacDonald had a duty to mail these documents, and that his failure to possibly suggested fraud between the parties, such a showing is insufficient for relief under Rule 60(d)(3). *See Demjanjuk v. Petrovsky*, 10 F.3d 338, 352 (6th Cir. 1993) ("Fraud upon the court should . . . embrace only that species of fraud which does or attempts to, subvert

13

the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct." (internal quotation omitted)); *see also LaVenture v. Haeberlin*, No. 5:04CV-P215-R., 2009 WL 2762267, at *1 (W.D. Ky. Aug. 27, 2009) ("Fraud on the court (other than fraud as to jurisdiction) is fraud which is directed to the judicial machinery itself and *is not fraud between the parties* or fraudulent documents, false statements or perjury." (emphasis in original in part) (quoting *Bulloch v. United States*, 721 F.2d 713, 718 (10th Cir. 1983))). To the extent Debtor/Appellant's objection is a recitation of facts and arguments already presented to Judge Hluchaniuk, this objection is improper. *See Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)).

Second, Debtor/Appellant's objections contain a request for relief from the March 11, 2006 order lifting the stay under Rule 60(b)(4) due to lack of notice, and thus, make an implied argument that relief was appropriate. (ECF No. 62, PageID.618.) This argument is without merit. As a preliminary matter, objections to an R&R are not an appropriate

14

avenue in which to bring new motions or make new requests. Additionally, "[r]ule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Yet Debtor/Appellant's objections do not contest the R&R's finding that language presented in the bankruptcy judge's ruling on the motion to lift the stay suggested that Debtors/Appellants were present at a hearing on the motion and were heard, or otherwise clarify that they were not present at a hearing such that a due process violation occurred. Regardless, the opportunity for bringing a Rule 60(b)(4) motion has passed: "[M]otions under [Rule 60] subsections (4), (5), and (6) may be made within a 'reasonable time,' which [the Sixth Circuit has] determined is dependent upon the facts in a case, including length and circumstances of delay in filing, prejudice to opposing party by reason of the delay, and circumstances warranting equitable relief." *In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir. 2003). Debtor/Appellant's December 16, 2019 motion to reopen was explicitly premised on Rule 60(d)(3) and, even if it were to somehow be construed to include a request

15

for relief under Rule 60(b)(4), this motion would have been filed thirteen years after the March 11, 2006 order at issue—unquestionably beyond the reasonable time limit set for seeking Rule 60(b)(4) relief.

Third, in his objections, Debtor/Appellant again challenges the bankruptcy judge's alleged bias against Debtors/Appellants and the merits of several of the bankruptcy court's decisions (i.e., to lift the stay, deny Debtors/Appellants' motion for reconsideration, and prohibit further filings by Debtors/Appellants without permission from the bankruptcy court). (*See* ECF No. 62, PageID.592–593, 605, 613–614, 620.) Debtor/Appellant repeats the same facts and argument underlying his request for the bankruptcy judge's recusal and for relief from these bankruptcy court decisions in his motion to reopen. Having already been presented to the magistrate judge, this objection is improper. *See Coleman-Bey*, 287 F. App'x at 422. Furthermore, Debtor/Appellant's objections do not address the R&R's correct determination that Debtor/Appellant's disagreement with the Bankruptcy Judge's rulings on the merits is not evidence of fraud on the court, nor that requesting recusal of the Bankruptcy Judge under 28 U.S.C. § 455 now— approximately 15 years after the bankruptcy proceedings were closed in

16

2006—is untimely. (ECF No. 57, PageID.520–521.) Accordingly, this objection provides no basis for the Court to reject the R&R or to modify its order adopting the R&R.

Fourth, Debtor/Appellant argues that Trustee-Appellee, Mr. Detweiler, and David A. Lerner (attorney at Plunkett Cooney, P.C.) committed fraud on the court on the motion to compromise the claim during the bankruptcy proceedings. (*See* ECF No. 62, PageID.597–612.) Debtor/Appellant's objections largely repeat his list of alleged ethics violations and other fraudulent conduct (e.g., perjury, presentation of misleading or false documents) purportedly committed by Trustee-Appellee, Mr. Detweiler, and Mr. Lerner as originally outlined in his motion to reopen, and again, argues that evidence of such conduct entitles Debtor/Appellant to relief from the bankruptcy judge's decision to grant the motion to compromise a claim. (*Id.*) This objection is improper, because it has been presented to, and considered by, the magistrate judge. *See Coleman-Bey*, 287 F. App'x at 422.

Furthermore, the Court agrees with Judge Hluchaniuk's conclusion. Even were the Court to accept Debtor/Appellant's allegations of this conduct as true, Judge Hluchaniuk correctly found that

17

allegations of intentionally false conduct like nondisclosure during pretrial discovery or perjury do not *by themselves* give rise to fraud on the court. (ECF No. 57, PageID.516.) A party seeking to show fraud on the court must present clear and convincing evidence of "conduct (1) by an officer of the court; (2) directed to the 'judicial machinery' itself; (3) which was intentionally false, willfully blind to the truth, or in reckless disregard of the truth; (4) which was a positive averment or a concealment when under a duty to disclose; and (5) which deceived the court." *Maloof v. Level Propane, Inc.*, 429 F. App'x 462, 467 (6th Cir. 2011) (citing *Demjanjuk*, 10 F.3d at 348). As Judge Hluchaniuk properly found, Debtor/Appellant misconstrues the fifth element required to make a showing that relief is appropriate under Rule 60(d)(3): that such fraudulent conduct deceived the court. *See Maloof*, 429 F. App'x at 467. (ECF No. 57, PageID.515.) Debtor/Appellant repeatedly asserts in the objections that Trustee's conduct was part of an intentional scheme to deceive the court and to corrupt the court's judicial machinery. (ECF No. 62, PageID.603.) But Debtor/Appellant has not demonstrated in his objections, or even argued, that the bankruptcy judge granted the Trustee's motion *because he was deceived* by the purportedly concealed

or misleading evidence, as required under Rule 60(d)(3). *See Maloof*, 429 F. App'x at 467; *see also Rodriguez v. Honigman Miller Schwartz & Cohn LLP*, 465 F. App'x 504, 509 (6th Cir. 2012) (finding that a claim of fraud on the court must fail when the plaintiff does not allege sufficient facts demonstrating that the courts were deceived by the defendants' conduct at issue). Nor does Debtor/Appellant dispute that he submitted evidence to the Bankruptcy Court demonstrating he could provide the required funds to purchase the property at issue; instead, he ultimately argues against the merits of the Bankruptcy Judge's decision to grant the motion to compromise a claim on the basis of the competing evidence presented. Judge Hluchaniuk correctly determined that a disagreement on the merits does not constitute fraud on the court. (ECF No. 57, PageID.516.)

Fifth, Debtor/Appellant's objections reiterate the same evidence and arguments suggesting that the Debtors/Appellants were ready and able to pay the purchase price on the property at issue, but that evidence submitted to the Bankruptcy Court or actions taken external to the judicial process by other actors (e.g., Appellees Paul Wood and Karla Volke-Wood, Appellee-Trustee) were part of a scheme to nevertheless deprive Debtors/Appellants of the property. (*See* ECF No. 62,

19

PageID.588, 591.) Debtor/Appellant generally argues that the factual dispute surrounding why the closing did not occur on the property at issue constituted fraud on the on the court during the bankruptcy proceedings, entitling Debtor/Appellant to relief under Rule 60(d)(3). Again, this objection has been presented to, and considered by, the Magistrate Judge, and is improper. *See Coleman-Bey*, 287 F. App'x at 422. The Court agrees with Judge Hluchaniuk that Debtor/Appellant failed to allege sufficient facts demonstrating that the bankruptcy judge was deceived as to whether Debtors/Appellants were able to purchase the property, or to otherwise demonstrate why the existence of some unresolved factual issues in the bankruptcy court's assessment of the fairness to the bankruptcy estate of the compromise plan constituted impropriety, to justify relief under Rule 60(d)(3). (ECF No. 57, PageID.518–519.)

Finally, Debtor/Appellant's objections repeat his motion to reopen's arguments that he is entitled to relief as a result of Appellees and Trustee-Appellee having allegedly violating the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, and other claims predicated upon 42 U.S.C. § 1983. (*See* ECF No. 62, PageID.597, 621.) Debtor/Appellant also argues, for the

first time in his objections, that he is entitled to relief under the "Consumer Protection Act" (presumably, the Michigan Consumer Protection Act, M.C.L.A. § 445.901 *et seq.*) and a claim for unjust enrichment, for actions taken by Title Agent Joel R. Dault. (*Id.* at PageID.594–595.) Judge Hluchaniuk correctly concluded that any new causes of actions contained in Debtor/Appellant's motion to reopen were not properly before the Court. (ECF No. 57, PageID.522.) And, objections to an R&R are not an appropriate avenue in which to bring new motions or make new requests. Debtor/Appellant does not offer any argument or legal precedent suggesting that such completely new claims are capable of being raised in a Rule 60(d)(3) motion for relief from a judgment or order concerning the underlying bankruptcy proceedings. Accordingly, this objection provides no basis for the Court to reject the R&R or to modify its order adopting the R&R.

Additionally, a district court has discretion whether to look at new arguments or evidence presented for the first time in objections to a Report and Recommendation. *See Muhammad v. Close*, No. 08-1944, 2009 WL 8755520, at *2 (6th Cir. Apr. 20, 2009); *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). The Court need not "summarily accept[

] or deny[ ]" the new evidence. *Muhammad*, 2009 WL 8755520, at * 2 (quoting *Howell*, 231 F.3d at 621). The "magistrate judge system was designed to alleviate the workload of district courts . . . [and] [t]o require a district court to consider evidence not previously presented to the magistrate would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Howell*, 231 F.3d at 622 (citations omitted). "Systemic efficiencies would be frustrated and the magistrate judge's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round." *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988); *see also United States v. Cantrell*, No. 18-8, 2018 WL 5877214 (E.D. Ky. Nov. 9, 2018).

To the extent Debtor/Appellant offers new arguments and evidence in his objections that were not presented in his motion to reopen, the Court declines to consider them. To accept and consider Debtor/Appellant's new arguments at this stage, without any explanation as to why such arguments and evidence were not included in his December 16, 2019 motion to reopen, and after many resources have

22

been expended, would frustrate the fair and efficient administration of justice.

After careful consideration of Debtor/Appellant's objections to the R&R, the Court remains convinced that Judge Hluchaniuk correctly concluded that Debtor/Appellant has failed to demonstrate fraud on the bankruptcy court such that relief is warranted under Rule 60(d)(3). As such, Debtor/Appellant has failed to demonstrate that granting Debtor/Appellant's motion to reconsider the portion of the order adopting the R&R denying an extension of time to file objections would result in a different disposition of the case, which is necessary for relief under E.D. Mich. LR 7.1(h)(3). Accordingly, the Court denies Debtor/Appellant's motion to reconsider the order adopting the R&R.

## B. Debtor/Appellant's motion for summary judgment

In his motion for summary judgment, Debtor/Appellant argues that he is entitled to judgment as a matter of law under Federal Rule of Civil Procedure 56. (*See* ECF No. 65, PageID.651–652.) Debtor/Appellant appears to misconstrue the applicable standard and timing for seeking summary judgment. He argues that he presented evidence of an intentional plan or scheme by Appellees and Trustee-Appellee in his

objections to the R&R. He also argues that because "Ninety Five percent of the evidence came from the [Appellees and Trustee-Appellee] through their Witnesses, Sworn Testimony, Self Discrimination, Court transcript, Court docket and the submitted documents," Debtor/Appellant's alleged objections to the R&R must be accepted as true by the Court and that such evidence demonstrates Debtor/Appellant is entitled to relief as a matter of law. (*Id.* at PageID.655, 659.)

In response, Trustee-Appellee and Appellee MacDonald both argue that Debtor/Appellant's motion for summary judgment is an attempt to circumvent the Court's denial of his motion to reopen the case, that Debtor/Appellant's summary judgment motion improperly asserts new claims that are barred by the applicable statutes of limitation, and that Debtor/Appellant's claims are barred by collateral estoppel because they were adjudicated by this Court and the Sixth Circuit. (*See* ECF No. 69, PageID.684–689; ECF No. 72, PageID.821–822.)

To the extent Debtor/Appellant seeks summary judgment under Rule 56 regarding the issues previously adjudicated in appellate review of the bankruptcy proceedings, such a request is untimely. The underlying bankruptcy proceedings were completed in 2006 (ECF No. 1),

appellate review in this Court was completed in 2008 (ECF No. 29), Sixth Circuit review was completed in 2011 (ECF No. 46), and Supreme Court review was completed in 2016. (ECF No. 51.) The case is closed, and summary judgment is not a permissible post-judgment motion. *See Reed v. Third Jud. Cir. Ct.*, No. 2:08-CV-14836, 2012 WL 488706, at *1 (E.D. Mich. Feb. 15, 2012) ("Federal Rule of Civil Procedure 56 provides no basis for granting summary judgment in a closed case.").

Nevertheless, because Debtor/Appellant is proceeding *pro se*, the Court construes his filings liberally. *See Erickson*, 551 U.S. at 94; *see also Williams*, 631 F.3d at 383. However, even if Debtor/Appellant's motion for summary judgment is given this liberal construction and is treated as another motion for reconsideration of the Court's order adopting the R&R, Debtor/Appellant is not entitled to relief.

As noted, "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. LR 7.1(h)(1). Debtor/Appellant's motion for summary judgment was filed on August 17, 2020, more than fourteen days after the Court's June 26, 2020 order denying Debtor/Appellant's motion to reopen. Accordingly, Debtor/Appellant's second motion for reconsideration is untimely.

25

Furthermore, "the Local Rules do not provide that a party is allowed to file multiple motions for reconsideration of an order." *United States v. Rodgers*, No. 10-20235, 2011 WL 2746196, at *1 (E.D. Mich. July 14, 2011). Even were the Court to consider Debtor/Appellant's second motion for reconsideration on the merits, Debtor/Appellant has not met the criteria for relief under Eastern District of Michigan Local Rule 7.1(h). Most fundamentally, "a motion for reconsideration is not a second bite at the apple, nor an opportunity to present evidence or arguments that could have been presented in the party's original briefing." *Collins v. Nat'l Gen. Ins. Co.*, 834 F. Supp. 2d 632, 641 (E.D. Mich. 2011) (citing *Am. Marietta Corp. v. Essroc Cement Corp.*, 59 F. App'x 668, 672 (6th Cir. 2003)). Debtor/Appellant's second motion for reconsideration merely presents the same issues, either expressly or by reasonable implication, that the Court already ruled on or presents arguments that could have been presented by Debtor/Appellant in his motion to reopen. Accordingly, the Court denies Debtor/Appellant's motion because Debtor/Appellant is not entitled to relief under Rule 56 or Local Rule 7.1(h).

## IV.   Conclusion

For the reasons set forth above, the Court DENIES Debtor/Appellant's motion for reconsideration (ECF No. 61) of the Court's June 26, 2020 order adopting the R&R. The Court also DENIES Debtor/Appellant's motion for summary judgment. (ECF No 65.)

IT IS SO ORDERED.

Dated: March 22, 2021             s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY
                                  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 22, 2021.

                                  s/William Barkholz
                                  WILLIAM BARKHOLZ
                                  Case Manager